IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., ) | | |
| 425 Third Street SW, Suite 800 ) | | |
| Washington, DC 20024, ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. | |
| ) | | |
| v. ) | | |
| ) | | |
| U.S. DEPARTMENT OF TRANSPORTATION, ) | | |
| 1200 New Jersey Avenue, S.E. ) | | |
| Washington, DC 20590, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Transportation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. As part of its educational mission, Plaintiff regularly requests records under FOIA to shed light on the

operations of the federal government agencies and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates the results to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Transportation is an agency of the U.S. Government and is headquartered at 1200 New Jersey Avenue, S.E., Washington, DC 20590. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 19, 2020, Plaintiff submitted a FOIA request to the Federal Highway Administration, a component of Defendant, seeking access to:

   A. Emails between the Federal Highway Administration and the District Department of Transportation about the painting of "Black Lives Matter" on 16th Street, N.W. between H and K Streets, N.W.

   B. Emails between the Federal Highway Administration and the District Department of Transportation about the closure of 16th Street, N.W. between H and K Streets, N.W.

   C. Records identifying policies or procedures for closing streets deemed part of the District Evacuation Route.

6. By letter dated August 20, 2020, FHWA acknowledged receiving Plaintiff's FOIA request and advised Plaintiff that the request had been assigned FOIA Control Number 2020-0284. In addition, the letter informed Plaintiff that any records responsive to its FOIA request "would likely reside in the FHWA District of Columbia Division" and that the request "has been forwarded to this office for action." The letter also stated, "you will receive a response from the FHWA District of Columbia Division directly." Plaintiff has received no further communication from FHWA about the request.

7. As of the date of this Complaint, FHWA has not made a determination about whether it will comply with Plaintiff's FOIA request, notified Plaintiff of any determination, or

notified Plaintiff of its right to appeal any adverse determination to the head of the agency.  Nor has FHWA produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FOIA request by September 18, 2020.

13. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other

- 4 -

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  September 21, 2020   Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*